UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEOPLIS BURDINE,

    Plaintiff,

vs.                                                                       Case No. 17-12454

EDWARD WRIGHT,                                      HON. AVERN COHN

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 21)

I.

This is an excessive force case under 42 U.S.C. § 1983. Plaintiff Theoplis Burdine is suing defendant Edward Wright, a Detroit police officer. Plaintiff asserts the following claims:

    Count I - excessive force under § 1983
    Count II - ethnic intimidation under state law
    Count III - assault and battery

Although discovery was ongoing, the parties filed cross motions for summary judgment. See Docs. 21, 27. In particular, plaintiff filed a motion for partial summary judgment, contending that (1) defendant's assertion of his Fifth Amendment right during his deposition and (2) video evidence of the incident leaves "no dispute" that plaintiff is entitled to summary judgment on his excessive force claim (Count I). The Court denied the motion. (Doc. 37).

As to defendant's motion, the Court stayed consideration of it stayed pending

plaintiff's counsel taking the deposition of Lisa Proctor,[1] who was in charge of the internal investigation. The order provided that the parties advise the Court of the date of Proctor's deposition. On April 1, 2019, plaintiff's counsel filed a status report, stating that Procter was to be deposed on April 10 and defendant's were going to produce Garrity statements. See Doc. 39. The Case Manager has contacted plaintiff's counsel several times inquiring as to whether plaintiff wants to file a supplemental paper following Procter's deposition and the receipt of additional discovery.

Most recently, plaintiff's counsel advised that it would be filing a supplemental paper by June 20. The supplemental paper (Doc. 40) discusses scheduling the deposition of defendant. As noted above, defendant was deposed previously but asserted his 5th Amendment rights to any question regarding the incident. Plaintiff says that defense counsel has offered defendant for a continued deposition which plaintiff's counsel has scheduled for June 28, 2019. Plaintiff's supplemental papers says noting about Proctor's deposition or mention any other discovery received since defendant's summary judgment motion was filed. Plaintiff does, however, say that because discovery is not complete, "summary judgment would be premature." Under the circumstances, the Court will consider defendant's motion on the papers now before it. See Docs. 21, 30, 38, 40.

For the reasons that follow, defendant's motion is DENIED.

## II.

Defendant argues that he is entitled to summary judgment on all of plaintiff's

---

[1] There is some ambiguity as to the correct name of the deponent. Plaintiff's counsel has referred to her as Lisa Proctor, Vera Proctor, and Lisa Porter.

claims. He relies on two videos of the incident which shows plaintiff being struck by defendant and plaintiff's deposition. Defendant says that this evidence shows the use of force was justified and reasonable as a matter of law. Plaintiff disagrees and says there are genuine issues of material fact as to whether defendant acted reasonably. In support, plaintiff relies on the videos, plaintiff's deposition, defendant's deposition in which he asserted the 5th Amendment, as well as the deposition of other officers present.

From the record as it stands, the Court cannot say that defendant is entitled to summary judgment based on qualified immunity or otherwise. Neither the videos nor plaintiff's deposition testimony defendant offered in support establish that defendant's actions were justified as a matter of law. In short, defendant has not met his summary judgment burden on the evidence it proffered. Accordingly, defendant's motion is DENIED WITHOUT PREJUDICE.

The Case Manager shall schedule a status conference to chart the future course of the case.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 6/28/2019
Detroit, Michigan